# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYIS NAZARYAN,<br><br>                              Petitioner,<br><br>           v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER – DESERT VIEW FACILITY; PATRICIA M. COLBERT, Field Office Director of the Los Angeles Field Office, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAM BONDI, Attorney General of the United States,<br><br>                              Respondents. | Case No. 5:26-cv-00913-SPG-DTB<br><br>**ORDER DENYING PETITIONER'S RENEWED EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [ECF NO. 15]** |

Before the Court is the Renewed Ex Parte Application for Temporary Restraining Order and Preliminary Injunction, (ECF No. 15 ("Motion")), filed by Plaintiff Mayis Nazaryan ("Plaintiff").  The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

-1-

## I.    BACKGROUND

The Court previously summarized the background of this action in its Order Denying Ex Parte Application for Temporary Restraining Order. (ECF No. 9 ("Prior TRO Order")). In brief, Petitioner is an Armenian citizen who entered the United States on December 5, 2023, near San Ysidro, California. (ECF No. 1 ("Petition") at 4). Upon Petitioner's arrival, the Department of Homeland Security ("DHS") designated Petitioner an "arriving alien" and commenced removal proceedings against him. (*Id.* at 4, 9). DHS then issued Petitioner a notice to appear and released him from custody. (*Id.*). Sometime thereafter, DHS issued Petitioner an Employment Authorization Document ("EAD"). (*Id.* at 2). In December 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") following an encounter related to an expired driver's license, and he has been held in ICE custody since that time. (*Id.* at 4). Petitioner alleges that he suffers from a life-threatening neurological condition for which he has been prescribed anti-seizure medication, and he asserts that his detention places him at risk of permanent neurological injury. (*Id.* at 5). Petitioner filed the Petition on February 25, 2026, asserting that his detention violated due process under *Zadvydas v. Davis*, that he was entitled to a bond hearing under 8 U.S.C. § 1226(a), and that the lack of adequate medical care violated the Fifth Amendment. (*Id.* at 5-6).

Petitioner filed an initial TRO application on February 27, 2026, (ECF No. 2), which the Court denied without prejudice on March 5, 2026, (Prior TRO Order). In denying Petitioner's request for a TRO, the Court found that Petitioner had not shown a likelihood of success on the merits because the record reflected that Petitioner was detained under 8 U.S.C. § 1225(b), not § 1226(a). (*Id.* at 5-8). Under § 1225(b), detention is mandatory until the conclusion of removal proceedings, and detainees are not entitled to a bond hearing. In so concluding, the Court noted that "[n]either the Petition nor the Application explain the circumstances under which Petitioner obtained the Employment Authorization Document[,] [n]or do they attach the document in support." (*Id.* at 3).

-2-

On April 7, 2026, the Magistrate Judge issued a report and recommendation on the Petition, recommending that the Court deny the Petition.  (ECF No. 13 ("R&R")).  The R&R remains pending, with objections due by April 21, 2026.

The same day, Petitioner filed the instant Motion, renewing his earlier request for a TRO and preliminary injunction.  (Mot.).  Along with the Motion, Petitioner has now submitted a copy of his EAD, as well as further documentation regarding his medical condition.  (*Id.* at 13-24).  Respondents filed an opposition to the Motion on April 8, 2026.  (ECF No. 16 ("Opposition")).

## II.   LEGAL STANDARD

A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)).  A plaintiff may secure a temporary restraining order upon establishing that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *See Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Winter*, 555 U.S. at 20).

"[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).  "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'"  *Winter*, 555 U.S. at 24 (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)).  "'In exercising their sound discretion, courts of

equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

The court is permitted to consider the parties' pleadings, declarations, affidavits, and exhibits submitted when deciding an application for a temporary restraining order. *See Earth Island Inst. v. Nash*, No. 1:19-cv-01420-DAD-SAB, 2020 WL 1936701, at *6 (E.D. Cal. Apr. 21, 2020) ("[I]n considering a motion for preliminary injunction, a court may consider and rely upon declarations, affidavits, and exhibits submitted by the parties." (citations omitted)); *Harper v. Poway Unified Sch. Dist.*, 345 F. Supp. 2d 1096, 1119–20 (S.D. Cal. 2004) (considering declarations submitted by defendants to deny plaintiff's request for a preliminary injunction). "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). The urgency of the relief sought necessitates a prompt determination and can make it difficult to obtain admissible evidence. *See id.*

## III.   DISCUSSION

In the Motion, Petitioner argues that he has cured the deficiencies in the previous TRO application because he has now submitted the EAD and because he no longer relies solely on a theory based on 8 U.S.C. § 1226(a). (Mot. at 5). Petitioner acknowledges that he is detained pursuant to § 1225(b), but he argues that his continued detention violates the Due Process Clause. (*Id.*). Petitioner contends that he has a likelihood of success on the merits because (1) his EAD shows that he was permitted to reside and work lawfully in the community prior to detention; (2) his medical records confirm that he suffers from chronic structural brain abnormalities; (3) his detention is no longer brief, as he has been held since December 23, 2025; and (4) his detention conditions have worsened in ways that aggravate his medical condition. (*Id.* at 6).

Petitioner still has not met his burden to establish a likelihood of success on the merits. While Petitioner has now submitted his EAD, he has not explained how this alters

-4-

the statutory authority under which he is detained.  Petitioner apparently now concedes that he is detained under 8 U.S.C. § 1225(b), which provides for mandatory detention without a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").  While Petitioner is correct that detention under § 1225(b) remains subject to constitutional limits, Petitioner has not demonstrated that his detention violates these limits.  The length of his detention since December 2025 is not excessive, falling within the six-month period that the Supreme Court has recognized elsewhere in the immigration context as "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  On his medical care arguments, Petitioner has pointed to no relevant case law recognizing such a due process violation or establishing that release from custody would be the appropriate remedy.  While the basis for Plaintiff's claim is not entirely clear, he appears to be raising "a garden-variety Eighth Amendment claim based on the deliberate failure to deliver adequate medical care," which the Ninth Circuit has recognized is "a standard civil rights claim . . . outside the core of habeas." *Pinson v. Carvajal*, 69 F.4th 1059, 1073 (9th Cir. 2023); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (stating that habeas proceedings "are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement," while a § 1983 claim "is the proper method of challenging 'conditions of . . . confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 598-99 (1973))).  Accordingly, Petitioner's newly submitted evidence does not change the Court's earlier conclusion that he has not established a likelihood of success on the merits.  The Court therefore DENIES the Motion. *See California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry, we need not consider the other factors." (internal quotation marks and citation omitted)).

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.

**IT IS SO ORDERED.**

DATED:  April 9, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE