**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MAYIS NAZARYAN,

              Petitioner,

              v.

WARDEN, ADELANTO ICE PROCESSIONG CENTER, et al,

              Respondents.

Case No. 5:26-cv-00913-SPG (DTB)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. *See* (ECF No. 13 ("R&R")). Objections to the Report and Recommendation have been filed herein. *See* (ECF No. 18 ("Objections")). The Court discusses these objections below.

First, Petitioner argues that the R&R improperly treats 8 U.S.C. § 1225(b) as dispositive, ignoring the constitutional limits on immigration detention set forth in *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). (*Id.* at 2). The Court disagrees. The Habeas Petition raises two separate claims relevant to this argument: (1) an argument that, under *Zadvydas*, Petitioner's continued detention serves no legitimate

1

regulatory objective in light of his medical condition; and (2) an argument that continued detention without a bond hearing violates due process "[b]ecause Petitioner is detained under INA § 1226(a)." (ECF No. 1 ("Petititon") at 5-6). The R&R addressed these two claims separately. On the second claim, the R&R correctly concluded that, because the record reflects that Petitioner is detained under § 1225(b) rather than § 1226(a), Petitioner has not shown any due process violation by virtue of his continued detention without a bond hearing. (R&R at 12-13). Because this claim focused solely on the statutory basis for Petitioner's detention, and because § 1225(b) does not authorize release on bond, further analysis of this claim was unnecessary. On the first claim, the R&R concluded that *Zadvydas* was distinguishable because it related to claims of indefinite detention after a final removal order, whereas § 1225(b) mandates detention only "until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). The R&R also rejected this claim because the Petition's assertion that detention lacked a legitimate regulatory purpose was conclusory and because the Petition did not explain how his detention was punitive or excessive. (R&R at 14). Petitioner has not shown that either of these conclusions were incorrect. While it is true that *Zadvydas* suggests that there are constitutional limits to the length and purpose of immigration detention, Petitioner has cited to no case law recognizing a violation under these circumstances.

Petitioner next objects that the R&R reads claim one too narrowly by focusing only on the length of Petitioner's detention. (Objections at 3). Citing to *Bell v. Wolfish*, 441 U.S. 520 (1979), Petitioner asserts that his detention is unconstitutional not merely because of its length but because he suffers from serious medical conditions, such that his detention does not bear any legitimate regulatory purpose sufficient to justify the medical danger that it imposes. (*Id.*). The Court finds that Petitioner has not put forth adequate facts or case law to support a claim under *Bell*.

In *Bell*, the Supreme Court recognized that pretrial detention in the criminal context may violate due process where the detention "amount[s] to punishment of the detainee." 441 U.S. at 535. However, "[a]bsent a showing of an expressed intent to punish on the part of detention facility officials . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 538-39 (internal quotation marks, citation, and brackets omitted). Here, mandatory detention under § 1225(b) bears a rational relation to a legitimate regulatory purpose of "ensuring the appearance of aliens at future immigration proceedings." *Zadvydas*, 533 U.S. at 690. Petitioner has pointed to no expression of intent on the part of Respondents to punish him. While Petitioner has shown that he suffers from severe medical issues, he does not explain why this renders his detention unconstitutionally punitive, nor does he cite to any case law recognizing such a violation. Therefore, the conclusion in the R&R that Petitioner's claim is "conclusory" and fails to allege how his "detention is punitive or excessive" was correct.

Third, Petitioner argues that the R&R incorrectly characterizes his third claim as a medical care claim outside the core of habeas. (Objections at 3). Petitioner argues that he is not challenging the conditions of his confinement but is instead challenging the fact of his confinement "because it now exposes him to a substantial risk of serious neurological harm." (*Id.*). Again, however, Petitioner has pointed to no relevant case law recognizing that detention under such circumstances constitutes a due process violation, or that the remedy for such a violation would be release from custody. The Ninth Circuit's decision in *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), is instructive. There, the court considered a habeas claim that federal detention was unlawful because prison officials were "deliberately indifferent to" the petitioner's medical needs by failing to treat him for hypertension and obesity, failing to implement CDC guidelines on COVID-19, failing to isolate and retest him

3

after an indeterminate test, and failing to remove him from infected inmate housing after he tested negative. *Id.* at 1073. The Ninth Circuit rejected the denial of medical care challenge because the petitioner failed "to explain how relief short of release is inadequate to cure the alleged constitutional violation." *Id.* Absent such a showing, the claim was "a garden-variety Eighth Amendment claim" properly brought under § 1983. *Id.* As to the COVID-related claims, the Ninth Circuit noted that the Supreme Court "has left open the key question of whether there are circumstances when a challenge to the conditions of confinement is properly brought in a petition for writ of habeas corpus." *Id.* at 1075. However, the court rejected the petitioner's claim because he "failed to allege facts to support his legal contention that his detention was unlawful because no set of conditions exist that would cure the constitutional violations." *Id.* The same is true here. To the extent Petitioner argues that Respondents have acted with deliberate indifference to his medical conditions, he has not explained why relief short of release would be inadequate to cure the alleged violation. To the extent his challenge is based on the conditions of his confinement, even assuming that such a claim could be brought under habeas,[1] Petitioner has not put forth sufficient facts to establish that "no set of conditions exist" that could cure the constitutional violation at the detention facility. Accordingly, Petitioner has not shown any error in the denial of his third claim.

Fourth, Petitioner argues that the R&R applied too narrow a standard to claim three. (Objections at 4). Petitioner argues that the record reflects more than a mere possibility of harm, and that the health risks he faces are not merely speculative.

---

[1] As Judge Bristow noted in the R&R, the typical claim under such circumstances is not a habeas claim but rather a § 1983 claim for denial of medical care. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) ("[A] § 1983 action is a proper remedy for a [] prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). To the extent Petitioner cannot meet the standard set forth in *Pinson*, such a claim is the sole available claim for relief.

4

Petitioner states that "the facility's own records confirm a medically vulnerable detainee with recurrent neurological and pain-related complaints, ongoing need for medication and monitoring, and confinement circumstances that allegedly aggravated his ability to rest and function." (*Id.*).  However, as with his third objection, Petitioner has not shown why relief short of release would be insufficient to address the alleged constitutional harms.  Accordingly, the Court agrees with the R&R that Petitioner has not stated a viable habeas claim.

Lastly, Petitioner argues that the Court should reject the recommendation to dismiss the case with prejudice.  (Objections at 5).  Petitioner argues that his legal theory and the record have evolved since the initial filing of the Petition, and that the conditions of his confinement have worsened.  The Court recognizes that there has been some development in the factual record since the filing of the Petition, and that, given Petitioner's medical situation, the circumstances of Petitioner's detention are particularly fluid.  Accordingly, the Court agrees that dismissal should be without prejudice to refiling at such time as the length or circumstances of Petitioner's detention have materially changed from those at the time of the initial Petition.

Having made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED:   May 7, 2026

HON. SHERILYN PEACH GARNETT
UNITED STATES DISTRICT JUDGE